UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD KITCHEN,

        Plaintiff,                  Case No. 1:07-cv-1074

v.                                          Honorable Janet T. Neff

STATE OF MICHIGAN et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to Federal Rule of Civil Procedure 60(b)(4), 22 U.S.C. §§ 611, 612, 4 U.S.C. §§ 101, 102, and 28 U.S.C. § 1331. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is incarcerated with the Michigan Department of Corrections and housed at the Earnest C. Brooks Correctional Facility (LRF). He sues the State of Michigan, Magistrate Becky J. Philips, Judge Leanna LaCross, 89th District Court Chief Judge Harold A. Johnson, Jr., 53rd Circuit Court Chief Judge Scott L. Pavlich, Cheboygan County Prosecuting Attorney Catherine Michelle Castagne, attorney William L. Keogh, and defense attorney Ronald Varga.

According to quasi-legalistic ramblings of the complaint, Plaintiff appears to allege that attorneys licensed by the State Bar of Michigan are not, in fact, "licensed" to practice law in Michigan because the State Bar of Michigan is a voluntary association. According to Plaintiff, licensing may only happen in accordance with the British Accredited Registry (BAR) system established in Boston in 1761, which certified BAR attorneys as officers of the court. Attorneys licensed by the State Bar of Michigan, Plaintiff argues, are merely foreign agents as defined under 22 U.S.C. § 611, who have not properly registered under 22 U.S.C. § 612. As a result, Plaintiff contends, his conviction by the practice of un-licensed, non-BAR attorneys, has unlawfully placed him in prison in violation of his constitutional rights to equal protection and due process of law. For relief, he seeks immediate release from custody and an order vacating all sentences imposed upon him by these non-registered foreign agents.

II.       Failure to state a claim

Plaintiff requests this Court to declare the judgment of the state court void under Federal Rule of Civil Procedure 60(b)(4). Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a court "may relieve a party ... from a final judgment, order, or proceeding ... [if] the judgment is void." Fed.R.Civ.P. 60(b)(4). "For the purposes of Rule 60(b)(4), a judgment is void

if a court entered its order outside its legal powers, ... [or if] the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)).

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a state prisoner to attempt to have his criminal conviction set aside. *See United States v. Pope*, 124 Fed. Appx. 680, 682 (2nd Cir. 2005). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." *Id.* (quoting *Harris v. United States*, 367 F.3d 74, 80 (2 Cir. 2004)). Plaintiff is not seeking to set aside a denial of habeas relief in this case and, therefore, a Rule 60(b) motion is not appropriate. A review of Plaintiff's complaint shows that he is challenging the validity of his state court criminal convictions and that he seeks to have these convictions vacated or set aside. Plaintiff's sole federal remedy to challenge his state court convictions would be by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In addition to Rule 60(b)(4), Plaintiff challenges his conviction pursuant to 22 U.S.C. §§ 611, 612 and 4 U.S.C. §§ 101, 102, and asserts 28 U.S.C. § 1331 as the basis for this Court's jurisdiction. Regardless of the Court's construction of the claim, Plaintiff's action fails to state a claim on which relief can be granted. Section 618(a) of Title 22, United States Code, creates criminal liability for violations of §§ 611-617, which require agents of foreign principals to register and report to the Attorney General. Section 618(c) subjects violators to removal under the

Immigration and Nationality Act, 8 U.S.C. § 1221 *et seq*, and § 618(f) permits the Attorney General to enjoin foreign agency relationships that do not comply with the registration requirements of the statute. The statute, however, creates no private right of action for any citizen. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). Moreover, as a factual matter, Plaintiff fails to allege a violation of the statute, as he alleges no facts suggesting that any defendant is either a foreign agent or foreign principal governed by the statute.

Similarly, Plaintiff alleges no violation of 4 U.S.C. §§ 101 or 102, both of which require an oath of office to be administered to state officers. Plaintiff has not and cannot allege facts supporting his tortured theory that the Defendants in the instant matter are not properly sworn within the meaning of 4 U.S.C. §§ 101 and 102 because they are not properly licensed BAR attorneys.

In sum, Plaintiff fails to demonstrate that he is entitled to relief.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   December 13, 2007             /s/  Joseph G. Scoville
                                       United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).